**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 18-01951-BKT11 |
| JOSE M. MELERO MUNOZ,<br>MARIA V. BONNIN OROZCO | Chapter 11 |
| | **FILED & ENTERED ON 03/05/2020** |
| Debtor(s) | |

## OPINION AND ORDER

Before the court is Claimant Puerto Rico Treasury Department's (hereinafter "Claimant") *Motion for Reconsideration of Orders at Dockets No. 210 and 211* [Dkt. No. 215], along with Jose M. Melero Munoz and Maria V. Bonnin Orozco's ("Debtors") *Opposition to Treasury Department's Motion for Reconsideration* [Dkt. No. 217]. Claimant's reconsideration stems from an *Order* entered by the court on January 16, 2020, granting Debtors' objection to claim number 10-3 [Dkt. No. 205]. Claimant failed to file a response to the Debtors' objection despite being allowed sufficient time to do so.

Claimants motion for reconsideration sets forth Fed. R. Civ. P. 59(e), made applicable to bankruptcy cases through Fed. R. Bankr. P. 9023, as its legal basis under which the court could provide relief. Fed. R. Civ. P. 59(e) authorizes the filing of a motion moving the court to alter or amend a judgment within twenty-eight (28) days[1] of entry of said judgment. Because "Rule 59(e) does not state the grounds on which relief may be granted… courts have considerable discretion

---

1 Fed. R. Bankr. P. 9023 reduces the twenty-eight (28) day requirement to fourteen (14) days.

in deciding whether to grant or deny a motion under the rule." In re Nieves Guzman, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting, ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)) (internal quotations omitted).

The First Circuit has generally noted four grounds for granting a motion for reconsideration pursuant to Fed. R. Civ. P. 59: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3rd 1, 7 (1st Cir. 2005) (citing, 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). "It is well settled in the First Circuit that to meet the threshold requirements of Rule 59(e), the motion must demonstrate the 'reason why the court should reconsider its prior decision….' In re Nieves Guzman, 567 B.R. at 863 (quoting, In re Arroyo, 544 B.R. 751, 756 (Bankr. D.P.R. 2015)). The moving party is generally held as having to produce to the court a "'clear conviction of error' or belief that the final judgment was 'dead wrong.'" Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 59, Westlaw (February 2017).

"A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." In re Nieves Guzman, 567 B.R. at 863 (quoting, Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citations omitted) (internal quotations omitted). Finally, "[i]n practice, [R]ule 59(e) motions are generally denied because of the narrow purpose for which they are intended." Rosado v. Banco Popular de P.R., 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) (quoting, BAC Home Loans Servicing LP v. Grassi, No. EP 11-010, 2011 Bankr. LEXIS 4362 (B.A.P. 1st Cir. Nov. 21, 2011)). Federal courts "have

consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Id. at 607.

Upon review of Claimant's arguments, the court determines that the evaluation of the evidence demonstrates that no error was committed. Claimant fails to establish any of the required legal factors for reconsideration under Rule 59 discussed above. After considering Claimant's motion, the court finds that said motion neither provides the court with genuine reasons why it should revisit the prior *Order*, nor compelling facts in support of reversing the prior decision. Granting a motion for reconsideration under Rule 59 is generally viewed with disfavor by the courts, and the procedurally late recitation of facts proffered by the Claimant does not provide any reason to justify relief from this court's *Order*. As such the Claimant's *Motion for Reconsideration of Orders at Dockets No. 210 and 211* [Dkt. No. 215], is DENIED.

SO ORDERED

In San Juan, Puerto Rico this 5th day of March 2020.

Brian K. Tester
U.S. Bankruptcy Judge

3